**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| Nicole G. Hager,                 ) | |
|                              ) | |
|         Plaintiff           ) | |

Nicole G. Hager,                                 )

         Plaintiff                               )

                                 )

v.                                                     )          Civil Action No.  13-cv-2184 CM/DJW

                                 )

Meridian Bioscience, Inc.,                    )

       Serve:  Registered Agent          )          **JURY TRIAL DEMANDED**

              KMK Service Corp.              )

              1 East 4th St.                       )

              Cincinnati, OH 45202          )

                                 )

       Defendant.                                )

## COMPLAINT

Plaintiff Nicole Hager states the following as her complaint for unlawful employment practices against Defendant Meridian Bioscience, Inc.:

## ALLEGATIONS COMMON TO ALL COUNTS

1.       Plaintiff Nicole Hager is a citizen of the United States and a resident of the City of Leawood, County of Johnson, State of Kansas.

2.       Based on information and belief, Defendant Meridian Bioscience, Inc. is a corporation, incorporated in the State of Ohio, and with its principal place of business in the State of Ohio.  Meridian Bioscience, Inc. may be served through its registered agent: KMK Service Corp., 1 East 4th St., Cincinnati, OH 45202.

3.       Jurisdiction is with this Court as this is a controversy in an amount greater than $75,000 between citizens of different states; additionally, the Plaintiff is bringing claims under Federal law. 28 U.S.C. §§1331, 1332, and 1343.

4.       Venue is proper in this Court as the actions leading to this cause of action happened in Johnson County, Kansas. 28 U.S.C. 1391(b).

5.      At all times relevant to this action, Defendant was a life science company that markets and sells its products nationally, employing hundreds of individuals.

6.      Based on information and belief, at all times relevant to this action, Defendant has been an entity and an employer subject to the laws, rules and regulations at issue herein.

7.      At all times relevant to this action, Plaintiff, a female and a mother, was employed by the Defendant as a sales representative.

8.      Plaintiff's employment with Defendant was based out of her home in Kansas.

9.      Plaintiff began working for Defendant in 1996, when she was 31 years old.

10.     Over the course of Plaintiff's 16 years of employment with Defendant she advanced in the company and was promoted to Regional Sales Advisor.

11.     Plaintiff received multiple recognitions, awards and positive performance reviews for her outstanding work performance.

12.     On or about May 9, 2012, the Defendant's Chief Commercial Officer (hereinafter "CCO") stated that he believed that working mothers were taking advantage of the company.

13.     Plaintiff reported and complained to company management about the comment of the CCO as being discriminatory against women.

14.     Defendant's management told Plaintiff that was not what the CCO had meant when he made the comments.

15.     In July 2012, Defendant's CCO stated that he did not like the way "seasoned" sales representatives worked in their assigned territories and that he was going to "take them down one by one."

16.     Plaintiff understood the CCO's statement as meaning that the older sales representatives were not keeping up an intense work pace and he was going to get rid of them.

17.    Also in July 2012, Defendant began instituting a "new culture" in the company.

18.    Defendant's "new culture" included a large increase in the amount of travel that was necessary to meet the job requirements for a sales representative.

19.    Plaintiff knew that this new requirement discriminated against the working mothers in the company.

20.    Defendant's "new culture" created a compensation system that required a sales representative to select a lower base salary to be able to participate in the desired bonus plan. The system required "seasoned" representatives to forfeit a larger portion of their salary than the newer sales representatives.

21.    Plaintiff knew that this new requirement discriminated against the older members of the sales team.

22.    Plaintiff requested a meeting with the CCO, Human Resources and Defendant's management to express her concerns regarding the Defendant's "new culture" and its discriminatory effect on female employees and older employees.

23.    The company's Human Resources, through her manager, cautioned Plaintiff that she should not use the meeting to complain about the "new culture."

24.    On or about August 10, 2012, Plaintiff met with management and Human Resources of Defendant, the company's CCO did not show up for the meeting.

25.    Plaintiff, as a dedicated member of the sales team, used the meeting to tell the Defendant that the "new culture" requirements, that sales representatives spend a substantially more amount of time traveling, discriminated against the working mothers in the company.

26.    Plaintiff complained about the CCO's comments that were discriminatory towards the working mothers of the company.

27.     Plaintiff, as a dedicated member of the sales team, used the meeting to tell the Defendant that the "new culture" compensation system discriminated against the older sales representatives in the company.

28.     Plaintiff complained about the CCO's comments that were discriminatory towards the older sales team members.

29.     Defendant's representatives again told Plaintiff that the CCO had not meant anything discriminatory.

30.     Defendant's representatives told Plaintiff that she just needed to work to meet the new requirements.

31.     In that meeting, Defendant's representatives assured Plaintiff that they did not want to end the employment relationship with her or force her out of employment.

32.     However, on August 27, 2012, after Plaintiff had opposed the "new culture" as being discriminatory, Defendant terminated Plaintiff's employment because Plaintiff was "not on board with the new culture."

33.     The termination was in direct retaliation for Plaintiff opposing the Defendant's discriminatory policies and practices.

34.     Plaintiff was terminated because she opposed discrimination based on sex.

35.     Plaintiff was terminated because she opposed discrimination based on age.

36.     Plaintiff filed her Charge of Discrimination with the EEOC and the Kansas Human Rights Commission on October 24, 2012, within 180 days of the discriminatory acts.

37.     Plaintiff was granted the Right to Sue under this Charge, based on unlawful retaliation for her opposition to sex and age discrimination, on January 24, 2013.

38.     Less than 90 days have passed since the Plaintiff was granted the Right to Sue.

39.     Plaintiff has exhausted her administrative remedies and complied with all prerequisites to jurisdiction in this Court under the ADEA, Title VII and related Kansas law.

### COUNT I – Retaliation Under the ADEA

40.     Plaintiff incorporates by reference the above and foregoing paragraphs as though fully set forth herein.

41.     The Age Discrimination in Employment Act states:

"It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."  29 U.S.C.A. §623(d).

42.     Defendant is an employer for purposes of the ADEA, which the Act defines as:

"The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…" 29 U.S.C.A. §630(b).

43.     At all times relevant hereto, Plaintiff was an employee of Defendant.

44.     Plaintiff exercised her rights in opposing unlawful discriminatory practices by the Defendant.

45.     Defendant unlawfully retaliated against Plaintiff in terminating her employment.

46.     Defendant's retaliation was causally connected and close in time to Plaintiff's protected activity.

47.     Because of Defendant's conduct in unlawfully retaliating against Plaintiff, she has suffered the following losses, the exact amount of which will be determined at trial, but in total is in excess of $75,000:

        a.      Back wages;

        b.      Future wages;

        c.      Past benefits of employment;

        d.      Future benefits of employment;

        e.      Pain and suffering;

        f.      Injury to her reputation; and

        g.      Cost of attorney fees and litigation.

WHEREFORE, the above and foregoing, Plaintiff prays for this Court's Judgment against the Defendant under Count I of this Complaint, and for whatever other relief this Court deems just and proper.

## COUNT II – Retaliation under Title VII

48.     Plaintiff incorporates by reference the above and foregoing paragraphs as though fully set forth herein.

49.     The Civil Rights Act states:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made

a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. §2000e-3(a).

50.     Defendant is an employer under Title VII, which states:

"The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…." 42 U.S.C.A. §2000e(b).

51.     At all times relevant hereto, Plaintiff was an employee of Defendant.

52.     Plaintiff exercised her rights in opposing unlawful discriminatory practices by the Defendant.

53.     Defendant unlawfully retaliated against Plaintiff in terminating her employment.

54.     Defendant's retaliation was causally connected and close in time to Plaintiff's protected activity.

55.     Because of Defendant's conduct in unlawfully retaliating against Plaintiff, she has suffered the following losses, the exact amount of which will be determined at trial, but in total is in excess of $75,000:

a.     Back wages;

b.     Future wages;

c.     Past benefits of employment;

d.     Future benefits of employment;

e.     Pain and suffering;

f.     Injury to her reputation; and

g.     Cost of attorney fees and litigation.

WHEREFORE, the above and foregoing, Plaintiff prays for this Court's Judgment against the Defendant under Count II of this Complaint, and for whatever other relief this Court deems just and proper.

**COUNT III – Retaliation under the KAAD**

56.     Plaintiff incorporates by reference the above and foregoing paragraphs as though fully set forth herein.

57.     The Kansas Act Against Discrimination states that it is an unlawful employment practice:

"For any employer, employment agency or labor organization to discharge, expel or otherwise discriminate against any person because such person has opposed any practices or acts forbidden under this act or because such person has filed a complaint, testified or assisted in any proceeding under this act." K.S.A. §44-1009(a)(4).

58.     Defendant is an employer under the Kansas Act Against Discrimination, which reads:

"'Employer' includes any person in this state employing four or more persons and any person acting directly or indirectly for an employer, labor organizations, nonsectarian corporations, organizations engaged in social service work and the state of Kansas and all political and municipal subdivisions thereof, but shall not include a nonprofit fraternal or social association or corporation." K.S.A. §44-1002(b).

59.     At all times relevant hereto, Plaintiff was an employee of Defendant.

60.     Plaintiff exercised her rights in opposing unlawful discriminatory practices by the Defendant.

61.     Defendant unlawfully retaliated against Plaintiff in terminating her employment.

8

62.     Defendant's retaliation was causally connected and close in time to Plaintiff's protected activity.

63.     Because of Defendant's conduct in unlawfully retaliating against Plaintiff, she has suffered the following losses, the exact amount of which will be determined at trial, but in total is in excess of $75,000:

        a.     Back wages;

        b.     Future wages;

        c.     Past benefits of employment;

        d.     Future benefits of employment;

        e.     Pain and suffering;

        f.     Injury to her reputation; and

        g.     Cost of attorney fees and litigation.

WHEREFORE, the above and foregoing, Plaintiff prays for this Court's Judgment against the Defendant under Count III of this Complaint, and for whatever other relief this Court deems just and proper.

## COUNT IV – Retaliation under the KADEA

64.     Plaintiff incorporates by reference the above and foregoing paragraphs as though fully set forth herein.

65.     The Kansas Age Discrimination in Employment Act states that it is an unlawful employment practice:

"For any employer, employment agency or labor organization to discharge, expel or otherwise discriminate against any person because the person has opposed any practices or acts

forbidden under this act or has filed a complaint, testified or assisted in any proceeding under this act." K.S.A. §44-1113(5).

66.     Defendant is an employer under the Kansas Age Discrimination in Employment Acts, which reads:

"'Employer' means any person in this state who employs four or more persons and any person acting directly or indirectly for such a person, and includes the state and all political subdivisions of the state." K.S.A. 44-1112(d)

67.     At all times relevant hereto, Plaintiff was an employee of Defendant.

68.     Plaintiff exercised her rights in opposing unlawful discriminatory practices by the Defendant.

69.     Defendant unlawfully retaliated against Plaintiff in terminating her employment.

70.     Defendant's retaliation was causally connected and close in time to Plaintiff's protected activity.

71.     Because of Defendant's conduct in unlawfully retaliating against Plaintiff, she has suffered the following losses, the exact amount of which will be determined at trial, but in total is in excess of $75,000:

    a.      Back wages;

    b.      Future wages;

    c.      Past benefits of employment;

    d.      Future benefits of employment;

    e.      Pain and suffering;

    f.      Injury to her reputation; and

    g.      Cost of attorney fees and litigation.

WHEREFORE, the above and foregoing, Plaintiff prays for this Court's Judgment against the Defendant under Count IV of this Complaint, and for whatever other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all issues triable by jury.

## PLACE OF TRIAL

Plaintiff designates that the place of trial is Kansas City, Kansas.

Respectfully submitted,

/s/ Michael D. Wallis
Michael D. Wallis – KS Bar #18043
Paul L. Redfearn – MoBar #27417
THE REDFEARN LAW FIRM, P.C.
4200 Little Blue Parkway, Suite 630
Independence, MO 64057
Telephone: (816) 421-5301
Facsimile: (816) 421-3785
predfearn@redfearnlawfirm.com
mdwallis@redfearnlawfirm.com
ATTORNEYS FOR PLAINTIFF